David BELFEUIL, Plaintiff,

v.

WAUSHARA COUNTY, WISCONSIN, et al., Defendants.

No. 87–C–183.

United States District Court,
E.D. Wisconsin.

Dec. 30, 1987.

Richard O. Wright, McNamara & Wright, Wautoma, Wis., for plaintiff.

Robert F. Johnson, Philip C. Reid, Cooke & Franke, S.C., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In this § 1983 action against Waushara County, the sheriff of Waushara County and a number of unknown sheriff's deputies, the plaintiff has moved for an order to compel the disclosure of the names of certain informants. The defendants oppose the discovery of this information on the basis of the informant's privilege. For the reasons stated herein, I will grant plaintiff's motion.

The plaintiff, a former sheriff's deputy, alleges, inter alia, that the sheriff and several unknown deputies acted in concert to cause the plaintiff to refrain from seeking elective office and to refrain from continuing to serve as a sheriff's deputy when the defendants, without reasonable suspicion, charged plaintiff with stealing property belonging to the sheriff's department. During the discovery phase of this litigation, the plaintiff deposed Marvin Wagner, Jr., a county board supervisor. At his deposition, Mr. Wagner, relying on a claim of informer's privilege, refused to identify the names of the sheriff's deputies who informed him of their suspicions about plaintiff's actions. Claiming the same privilege, defendant Waushara County has refused to answer plaintiff's interrogatory which seeks the same information.

The so-called informer's privilege can be invoked by anyone with a duty to investigate or prevent public wrongs. *See M. v. Board of Educ. Ball–Chatham*

*School District,* 77 F.R.D. 463, 467 (D.C.Ill. 1978), *quoting* 8 Wigmore Evidence, § 2374, pp. 767–68. Although Mr. Wagner was not a member of any law enforcement agency or committee investigating allegations of misuse of county property, he may properly invoke the privilege because he is an administrative officer charged with the duty of ensuring that county property is properly protected. § 59.07 Wis.Stats. (1986).

 The decision whether to compel the disclosure of an informer necessitates the balancing of competing interests. The privilege not to disclose the identity of citizens who have voluntarily come forth with information about criminal activity enables effective law enforcement because it encourages communication with the authorities. *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1956). However, "[w]here the disclosure of an informant's identity or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro,* 353 U.S. at 60, 77 S.Ct. at 628 (footnote omitted). The *Roviaro* test is applicable to civil and criminal actions. *Hampton v. Hanrahan,* 600 F.2d 600, 637 (7th Cir. 1979).

After weighing the competing interests, I find that revealing the names of the deputies is essential to a fair determination of the issues in the case at bar. The plaintiff alleges that these very informers are the ones responsible for the circulation of false information about him; a proper adjudication of the instant case will be hampered without the disclosure of their names.

Therefore, IT IS ORDERED that plaintiff's motion to compel discovery be and hereby is granted.

IT IS ALSO ORDERED that Waushara County is directed to answer interrogatory No. 4 as propounded to it within 15 days from the date of this order, and Marvin Wagner, Jr. is directed to answer the same question propounded to him in deposition within 15 days of the date of this order.